HENRY B. FRANKLIN v. ZELOTES W. HOLDEN and BENJAMIN A. NEWHALL.

Where, in the first trial of an action of trespass, originally brought in the Supreme Court, a verdict was rendered in favor of one of two defendants on Saturday, a motion for new trial, under Ch. 193, section 1, of the Revised Statutes, filed by the plaintiffs on the following Tuesday, comes too late; the hours of the intervening Sunday being reckoned by the court in computing the forty-eight hours after verdict, within which such motion is, by the terms of the statute, to be filed.

THIS was an action of trespass, for assault and battery and false imprisonment, originally commenced by the plaintiff against Zelotes W. Holden and Benjamin A. Newhall, in this court, wherein, at the September term, 1861, upon the first trial under the general issue, the jury rendered a verdict of guilty, as to Holden, and not guilty, as to Newhall. Holden duly filed his motion for new trial, as of course, under the statute; but it appeared, that the motion of the plaintiff for a new trial, as to Newhall, was filed Tuesday, November 5th, 1861, the verdict having been rendered on the Saturday previous, November 2d, 1861.

The statute (Rev. St. Ch. 168, § 1) requires the motion to be filed " within forty-eight hours after the rendition of such verdict," &c.

*Bradley, for the motion,* contended that the motion was within time, inasmuch as Sunday should be deducted.

*B. N. Lapham, contra.*

BULLOCK, J.  In this case a verdict, as to Newhall, was rendered against the plaintiff, and he files his motion, under the statute, for a new trial.  The defendants object to the motion, as not having been filed in time.

The Revised Statutes, Ch. 193, section 1, enact, that in all actions originally commenced in this court, the plaintiff against whom a verdict has been rendered, shall, by filing a written motion with the clerk within *forty-eight* hours after the rendition of the verdict, and paying the entry fixed by law for appeals, be entitled to a new trial, as of course.  The verdict in this case was

rendered on Saturday, November 2d, 1861, and the motion filed on Tuesday, November, 5th, 1861. Including Sunday in the computation of time, the motion was not seasonably filed.

As a general rule, in computing the time within which an act is limited to be done, under a statute, Sunday is reckoned, unless specially excepted. So, where the act is to be done a certain number of days after verdict, the day of the verdict is not reckoned; and where the time is computed by *days*, and, one or more Sundays intervening, the last day falls upon Sunday, there are cases in which this day has not been counted as a *judicial* day. But such is not this case. In *Thayer* v. *Felt*, 4 Pick. 354, the statute authorized an officer to adjourn a sale not exceeding *three* days, and the third day falling upon Sunday, he adjourned it to the succeeding Monday. The sale was declared valid. The court say, that when the time limited within which an act is to be done may or may not include Sunday, the probable intent of the legislature is to govern. When the language of a statute is ambiguous, the intent, so far as it can be gathered, should control. And when the act to be done, and the time within which it is to be done, are such that the act cannot be done in *judicial* time, it may be proper to extend the time by construction; because every statute is to be construed reasonably, and to have effect, if possible.

The statute in question is unusual and peculiar, both in regard to the right and the mode of its exercise. The time is limited not by months or days, but by *hours*. If it be said that the time is brief, it may be said, also, that the act to be done is a mere formal act, requiring little time in its performance. The language of the statute is plain, and it must be an extreme case, under our practice, in which a party may not avail himself of its provisions. We cannot, therefore, extend its provisions by construction.

The motion of the plaintiff, therefore, cannot be entertained. Motion for a new trial as to Newhall overruled.